UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

MARK E. MESSER,

    Plaintiff,

v.                                              Civil Action No. 2:18-cv-00524

ROBERT JOHNSON, individually, and
COUNTY COMMISSION OF LOGAN COUNTY,
a political subdivision of the
State of West Virginia,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending is the motion for summary judgment, filed by defendant County Commission of Logan County ("the County Commission") on March 14, 2019. The plaintiff did not file a response in opposition.

This case arises from an arrest that occurred on August 18, 2016. During that arrest, the defendant Robert Johnson, a deputy for the Logan County Sheriff's Department, placed the plaintiff, Mark E. Messer, in handcuffs behind his back. As defendant Johnson led Mr. Messer to the police cruiser, Mr. Messer fell and, being unable to break his fall with his hands, suffered a severe head injury. The cause of the fall remains in dispute. Compare e.g., Deposition of Katrina Sebolt, ECF # 40, Ex. F at 19 with Deposition of Robert Johnson, ECF # 40 Ex. D at 21.

On April 3, 2018, the plaintiff filed a complaint, alleging excessive force against defendant Johnson under 42 U.S.C. 1983 (Count I), and negligent training and supervision against defendant the County Commission under West Virginia common law (Count II).  The County Commission filed a motion for summary judgment as to Count II, the only count in which it is named.

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

Under West Virginia law, claims of negligent training and supervision are governed by general negligence principles. See e.g., Woods v. Town of Danville, W.V., 712 F. Supp. 2d 502, 515 (S.D.W. Va. 2010) ("negligent supervision claims must rest upon a showing that Danville failed to properly supervise [the employee] and, as a result, [the employee] proximately caused injury to the plaintiffs.") (citing Taylor v. Cabell Huntington Hosp., Inc., 208 W.Va. 128, 538 S.E.2d 719, 725 (2000)).  As with general negligence, "the analysis centers on whether the employer was on notice of the employee's propensity (creating a duty), yet unreasonably failed to take action (manifesting a breach), resulting in harm to a third-party from the employee's tortious conduct."  Radford v. Hammons, No. CIV.A. 2:14-24854, 2015 WL

738062, at *7 (S.D.W. Va. Feb. 20, 2015) (citing 30 C.J.S. Employer–Employee § 205).

Here, there is no evidence that defendant Johnson had any negative propensity of which the County Commission was aware but failed to address. Rather, the County Commission presents evidence that defendant Johnson was never the subject of a lawsuit arising out of his conduct as an officer, ECF # 40 Ex. D at 6, and had never been the subject of an excessive force complaint, <u>id.</u> Ex. H at 4. Nor does the record contain any evidence that the County Commission was negligent in training defendant Johnson or that any lack of training caused the plaintiff's injuries. Rather, it shows that Defendant Johnson graduated from the police academy in 2010 and has since continued to receive training. <u>See</u> ECF # 40 Ex. H at 3, and Ex. I, pp. 000105 to 000110 (various training certificates earned by defendant Johnson). The evidentiary record, as presented, fails to show that the County Commission should have foreseen a risk of harm to a third-party through its retention, training, and supervision of defendant Johnson. The plaintiff has not presented any evidence to the contrary.

It is, accordingly, ORDERED that the County Commission's motion for summary judgment be, and it hereby is, granted. It is further ORDERED that Count II of the complaint be, and it hereby is, dismissed. Count II being the only claim raised against the County Commission, it is additionally ORDERED that the County Commission be, and it hereby is, dismissed from this action.

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

ENTER: May 10, 2019

John T. Copenhaver, Jr.
Senior United States District Judge